# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GREGORI ESTEVAN PORTILLO
GONZALEZ,

        Plaintiff,

    v.                                Case No.:  6:26-cv-00472-GAP-RMN

LOUIS A. QUINONES JR., GARRETT
RIPA, SECRETARY KRISTI NOEM,
TODD LYONS, ATTORNEY
GENERAL PAMELA BONDI,
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

        Defendants,

_____

## ORDER

      This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner Gregori Estevan Portillo Gonzalez ("Petitioner"). Doc. 1. The Court has also considered Respondents' Response in Opposition. Doc. 6. For the reasons set forth below, the Habeas Petition will be granted.

### I. Background

      Petitioner Gregori Estevan Portillo Gonzalez ("Petitioner") is a citizen of Venezuela. Doc. 1, ¶ 23. He arrived in the United States on January 3, 2024, and was

placed on humanitarian parole until January 1, 2026.[1] Doc. 5-2. On February 21, 2024, he was issued a social security card for work purposes and on March 24, 2025, Petitioner filed an Application for Asylum. Doc. 5-3; Doc. 5-4.

On February 24, 2026, Petitioner was arrested for driving without a valid driver's license. Doc. 5, ¶ 80. His Petition makes clear that Petitioner was arrested and transferred to the Orange County Jail. *See* Doc. 5, ¶¶ 1, 16, 84. However, exactly who arrested him and where they took him is unclear, according to the Government. *See* Doc. 6 at 1-3. Respondents' I-213 form indicates that the Florida Fish & Wildlife Commission arrested Petitioner and he "was taken into custody without incident and transported to the Orlando ICE office for processing."[2] Doc. 6-4 at 2. Nevertheless, Respondents' counsel reports that he was "unable to locate any record of Petitioner being in ICE custody" and eventually concluded (like Petitioner) that he is in the custody of the Orange County Jail. Doc. 6 at 1.

On February 25, 2026, Petitioner posted bond on his state charge, but he continues to be held at the Orange County Jail on an Immigration Hold. Doc. 5, ¶¶ 5, 80; Doc. 6-3. On February 27, 2026, Petitioner filed the instant Petition for Writ of

---

[1] Respondents contend that his authorization to remain in the United States expired on June 12, 2025, pointing to Petitioner's I-213 form. Doc. 6-4 at 2. However, they provide no other basis for that date and, given that Petitioner has provided his original Homeland Security Travel Authorization (which shows the DHS arrival stamp stating he is Paroled "until 1/1/2026"), the Court credits that document. *See* Doc. 5-2.

[2] The Government is apparently now using Fish and Wildlife officers as part of its immigration removal surge.

Habeas Corpus challenging his detention. Doc. 1. In his Petition, he maintains that he has not been charged with having entered the U.S. without permission, has not appeared before an immigration judge and has not been issued a Notice to Appear to commence removal proceedings. Doc. 5, ¶¶ 2, 8.

In light of its recent experience with similar habeas petitions, on March 2, 2026, this Court entered an Order that temporarily restrained and enjoined Respondents and those in privity with them from moving Petitioner out of the Middle District of Florida until further order of the Court. Doc. 3. That Order also directed Respondents to show cause as to why the Court should not grant the Petition. *Id.*

On March 5, 2026, Respondents filed their Response. Doc. 6. In addition to alleging that Respondents were unaware that Petitioner had already posted bond on his state charges, they contend that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2). *Id.* at 1-7. Alternatively, counsel for Respondent contends that, "[i]f this Court orders a bond hearing [pursuant to § 1226(a)], OPLA will instruct its attorney at the hearing to inform the immigration judge of the Court's Order." *Id.* at 8, n.8. In support, they provide a chart showing that less than half of the petitioners they selected (without explanation) received bond hearings. *Id.* at 9-11.

## II. Habeas Standard

Congress granted federal courts the authority to determine whether a prisoner "is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). To answer that question in the present immigration context, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700. But even where removable is reasonably foreseeable, "the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." *Id.* at 700 (emphasis added).

### III.  Analysis

#### A. Petitioner's Detention Under § 1225(b)(2)

Respondents acknowledge the "overwhelming volume of district court decisions disagreeing with their view on statutory authority under 8 U.S.C. § 1225." Doc. 6 at 5. Nevertheless, they take the position that, because Petitioner "entered through parole, and overstayed his parole[,]" he has no legal immigration status and is therefore an applicant for admission under § 1225, which does not provide for a bond hearing.[3] *Id.* at 4-5. The Court need not linger on this analysis, however,

---

[3] The Government cites to a definition for "arriving aliens" to support its proposition, but that term does not appear in the relevant sections of § 1225(a)(1) or (b)(2)—most likely because it is clear to most readers (including noted textualist Supreme Court Justice Samuel Alito) that

because it has already recognized that it agrees with the thoroughly reasoned opinion in *Guaiquire v. Quinones et al*, No. 6:26-cv-169-RBD-RMN, Doc. 19 (M.D. Fla. Feb. 3, 2026). *See Perez v. Quinones et al*, No. 6:26-cv-228-GAP-DCI, Doc. 20 (M.D. Fla. Feb. 9, 2026). Petitioner's detention under § 1225(b)(2) is unlawful. *Id.*

### B. Petitioner's Detention Under § 1226(a)

Respondents go on to assure the Court that they strive to do "what is right in this matter" and that, therefore, if the Court orders Respondents to release Petitioner or provide him with the bond hearing he is entitled to under § 1226, they "will fully comply." Doc. 6 at 7-8.

However, what Respondents do not concede is that the Government has manipulated the process to ensure that Petitioner has no reasonable possibility of obtaining his release on bond—even if the Court orders a hearing under § 1226(a). *See, e.g., id.* at 5-6. As the Court explained in *Correa Cabral v. Quinones, et al*, the Government's policy of construing all aliens without legal resident status as applicants for admission under § 1225 and thus subject to mandatory detention

---

Congress did not intend for § 1225 to apply to aliens like Petitioner who have been living in the country for some time. *See* Doc. 6 at 5-6 (citing 8 C.F.R. § 1.2); *see also Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018); *Guaiquire v. Quinones et al*, No. 6:26-cv-169-RBD-RMN, Doc. 19 (M.D. Fla. Feb. 3, 2026). Indeed, in Petitioner's case, he was *invited* to this country, where he has an active Application for Asylum, which contains a plain representation from this Government that he "may remain in the United States until [his] asylum application is decided." Doc. 5-4; *see also Lopez-Arevelo v. Ripa*, 801 F.Supp.3d 668, 681 (W.D. Tex. Dec. 13, 2025) (analogizing to the criminal law context where a "parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions").

(without a bond hearing), is "contrary to law." 6:26-cv-425-GAP-LHP Dkt. 20, (M.D. Fla. Mar. 4, 2026). Moreover, the Court recognized that the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) made this policy binding on *all* immigration judges—over whom this Court has, at best, very limited authority. *Id.*, Doc. 20 at 5-7.

Respondent's counsel here acknowledges this holding but provides a table of 25 cases (with no methodology provided for how he chose those cases) to show that, *in some cases* (not even half—and almost all in the Fort Myers division of the Middle District) aliens like Petitioner have gotten a bond hearing. Doc. 6 at 9-11. As the Court discussed in *Correa Cabral*, none of *its* petitioners have gotten one—despite Respondents' representations to this Court that they did. 6:26-cv-425-GAP-LHP, Doc. 20 at 7-9; *see Nahadian Fard*, No. 6:26-cv-157-GAP-RMN, Doc. 23 at 3-6. Simply providing a list of circumstances where an immigration judge has violated the binding precedent of *Hurtado* does not mitigate the fact that, as a matter of law, *Hurtado* precludes immigration judges from considering or granting a bond to any aliens detained under § 1226.

Notwithstanding Respondents' counsel's representations to the contrary, the *status quo* has not changed: an immigrant detained by ICE can only get a bond hearing if he or she hires an attorney, who files a petition for habeas corpus, obtains an order from a district judge, **and is lucky enough to be before an immigration**

**judge that actually obeys it**. Accordingly, because indefinite custody without the opportunity for a legitimate bond hearing is contrary to law, this Court concludes that Petitioner has been unlawfully detained and is therefore entitled to habeas relief. *See Correa Cabral*, 6:26-cv-425-GAP-LHP, Doc. 20 at 4-9.

## IV.    Conclusion

Accordingly, it is **ORDERED** that:

1. Petitioner Gregori Estevan Portillo Gonzalez's Petition for a writ of habeas corpus and injunctive relief is hereby **GRANTED**.

2. The Hearing scheduled for Monday, March 9, 2026, is hereby **CANCELLED**.

3. Respondents shall **IMMEDIATELY RELEASE or facilitate the release** of the Petitioner from custody and **IMMEDIATELY** notify his counsel where and when he may be picked up.

4. Respondents shall **IMMEDIATELY** return all of Petitioner's documentation and any other personal property.

5. Respondents and all other persons or entities acting in active concert or participation with them are **RESTRAINED AND ENJOINED** from re-arresting or detaining Petitioner **UNTIL FURTHER ORDER OF THE COURT**. The Court will consider lifting this prohibition once the BIA vacates *Hurtado* and the Court is convinced that a fair and impartial bond

hearing can be timely provided.

6.  No security bond is required.

7.  Petitioner is **DIRECTED** to notify his counsel should his place of residence

change while his immigration proceedings are ongoing.

8.  **The Clerk is DIRECTED** to enter judgment in favor of Petitioner and

against Respondents.

9.  The Court retains jurisdiction to enforce this order and to consider the

matter of fees and costs.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 6, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

ICE: Attention Assistant Field Office Director by email at
OPLAORLFEDLIT@ice.dhs.gov

Office of the United States Attorney by certified mail at 400 West Washington
Street, Suite 3100, Orlando, FL 32801 and by email at
USAFLM.Orlando2241@usdoj.gov

Orange County Jail/Warden's Office by email at michele.carpentiere@ocfl.net

Orange County Sheriff's Office – Legal Services by email at
irmpickupdesk@ocfl.net, so-as-legalservices@ocsofl.com, OCCDRecords@ocfl.net,
and Juanita.Beason@ocfl.net,

Kristi Noem, Secretary, by certified mail at Office of the General Counsel, United
States Department of Homeland Security, 2707 Martin Luther King, Jr. Ave, SE
Washington, DC 20528

Garrett Ripa, Miami Field Office Director, by certified mail at United States
Immigration and Customs Enforcement, 865 SW 78th Avenue, Suite 101,
Plantation, FL 33324

United States Attorney General by certified mail at U.S. Department of Justice, 950
Pennsylvania Avenue, NW, Washington, DC 20530-0001

United States Marshals by email at usms-mfl-orl@usdoj.gov.